```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

J&J SPORTS PRODUCTIONS, INC.,  :

        Plaintiff,  :

            08 Civ. 4238 (RJH) (AJP)

      -against-  :

          **REPORT AND RECOMMENDATION**

FRANK POOL ROOM d/b/a Frank's Pool Room  :
& Restaurant & FRANCISCO HERNANDEZ,

   :

        Defendants.

   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Richard J. Holwell, United States Chief District Judge:**

        On March 4, 2009, Judge Richard J. Holwell granted the motion of plaintiff J&J Sports Productions, Inc. ("J&J") for a default judgment against defendants Frank Pool Room and Francisco Hernandez. (Dkt. No. 13: 3/4/09 Order; see also Dkt. No. 14: 8/17/09 Order.) J&J filed material in support of inquest damages on October 16, 2009 and January 15, 2010. (Dkt. Nos. 16, 22.) The deadline for defendants to respond passed on January 22, 2010 (see Dkt. No. 18: 12/23/09 Order), and defendants have not responded to the motion.

        For the reasons set forth below, plaintiff J&J should be awarded statutory damages of $20,000 plus costs of $470.

## FACTS

Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

The complaint alleges that defendant Frank Pool Room violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605, by intercepting, receiving, descrambling and exhibiting, without leave or permission from J&J, the closed-circuit, pay-per-view May 6, 2006 Oscar De La Hoya - Richard Mayorga boxing match and related undercard bouts. (Dkt. No. 1: Compl. ¶¶ 8, 15, 18-20, 22-27, 29-36.)

J&J's investigator determined that 110 people were present at Frank Pool Room while it was showing the fight broadcast. (Dkt. No. 22: J&J Br. at 3 & Ex. A: 5/8/06 Investigator Browand Aff.)

## ANALYSIS

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)-(ii), the Court may award statutory damages of between $1,000 and $10,000, and where the violation is willful and for purposes of commercial advantage, additional damages of up to $100,000. For violation of 47 U.S.C. § 553, the Court may award statutory damages of $250 to $10,000, and may increase the amount to up to $50,000 for willful violations committed for purposes of commercial advantage. 47 U.S.C. § 553(c)(3)(A)(ii), (B). See, e.g., J&J Sports Prods., Inc. v. Doe, 06 Civ. 1412, 2007 WL 470346 at *1 (S.D.N.Y. Feb. 14, 2007) (Peck, M.J.); J&J Sports Prods., Inc. v. Estevez, 06 Civ. 7621, 2006 WL 3206123 at *1 (S.D.N.Y. Nov. 6, 2006) (Peck, M.J.) report & rec. adopted, 2006 WL 3392734 (S.D.N.Y. Nov. 22, 2006); Garden City Boxing Club, Inc. v. Gil, 05 Civ. 8235, 2006 WL 2175306 at *1 (S.D.N.Y. Aug. 3, 2006) (Peck, M.J.), report & rec. adopted, 2007 WL 840400 (S.D.N.Y. Mar. 19, 2007); Garden City Boxing Club, Inc. v. Mendez, 05 Civ. 10001, 2006 WL 1305042 at *1 (S.D.N.Y. May 12, 2006) (Peck, M.J.), report & rec. modified & adopted, 2006 WL 1716909 (S.D.N.Y. June 16, 2006).[1]

A plaintiff cannot recover under both 47 U.S.C. § 605 and § 553. E.g., J&J Sports Prods., Inc. v. Doe, 2007 WL 470346 at *2; J&J Sports Prods., Inc. v. Estevez, 2006 WL 3206123

---

[1] See also, e.g., Joe Hand Promotions, Inc. v. Soto, 01 Civ. 0329, 2003 WL 22962810 at *1 (S.D.N.Y. Dec. 17, 2003) (Peck, M.J.); Cablevision Sys. N.Y.C. Corp. v. Torres, 02 Civ. 7602, 2003 WL 22078938 at *3 (S.D.N.Y. Sept. 9, 2003) (Peck, M.J.); King Vision Pay-Per-View Corp. v. Drencia Rest. Corp., 01 Civ. 9777, 2002 WL 1000284 at *1-2 (S.D.N.Y. May 15, 2002) (Peck, M.J.); King Vision Pay-Per-View Corp. v. Papacito Lidia Luncheonette, Inc., 01 Civ. 7575, 2001 WL 1558269 at *2 (S.D.N.Y. Dec. 6, 2001) (Peck, M.J.); Kingvision Pay-Per-View, Ltd. v. New Paradise Rest., 99 Civ. 10020, 2000 WL 378053 at *2 (S.D.N.Y. Apr. 11, 2000) (Peck, M.J.).

at *2; Garden City Boxing Club, Inc. v. Gil, 2006 WL 2175306 at *2; Garden City Boxing Club, Inc. v. Mendez, 2006 WL 1305042 at *2.[2/]

"I have repeatedly awarded statutory damages of $20,000 in pay-per-view interception and transmission cases such as this." Entm't By J&J, Inc. v. PJ's Lounge, 02 Civ. 0772, 2005 WL 159631 at *1 (S.D.N.Y. Jan. 26, 2005) (Peck, M.J.); accord, e.g., J&J Sports Prods., Inc. v. Doe, 2007 WL 470346 at *2; J&J Sports Prods., Inc. v. Estevez, 2006 WL 3206123 at *2; Joe Hand Promotions, Inc. v. Soto, 2003 WL 22962810 at *1-2 & n.3 (citing prior decisions); see also my

---

[2/] Accord, e.g., Int'l Cablevision Inc. v. Sykes, 75 F.3d 123, 129 (2d Cir.), cert. denied, 519 U.S. 929, 117 S. Ct. 298 (1996); J & J Sports Prods., Inc. v. Alvarez, 07 Civ. 8852, 2009 WL 3096074 at *4 (S.D.N.Y. Sept. 25, 2009); J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC, 648 F. Supp. 2d 469, 471-72 (E.D.N.Y. 2009); Kingvision Pay-Per-View Ltd. v. Zalazar, 653 F. Supp. 2d 335, 339 (S.D.N.Y. 2009); Garden City Boxing Club, Inc. v. Hernandez, 04 Civ. 2081, 2008 WL 4974583 at *3 (S.D.N.Y. Nov. 24, 2008); Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59, 62 (E.D.N.Y. 2006); Kingvision Pay-Per-View Ltd. v. Brito, 05 Civ. 1042, 2006 WL 728408 at *1 (S.D.N.Y. Mar. 20, 2006); Cablevision Sys. N.Y.C. Corp. v. Pierce, 04 Civ. 9863, 2005 WL 2790427 at *3 (S.D.N.Y. Oct. 27, 2005), report and rec. adopted, 2006 WL 888162 (S.D.N.Y. Apr. 5, 2006); Garden City Boxing Club, Inc. v. La Cabana Rest., 04 Civ. 7288, 2005 WL 1522324 at *3 (S.D.N.Y. June 24, 2005); Kingvision Pay-Per-View, Ltd. v. Cardona, 03 Civ. 3839, 2004 WL 1490224 at *2 (S.D.N.Y. June 30, 2004); Cablevision Sys. N.Y.C. Corp. v. Collins, 01 Civ. 10954, 2004 WL 1490307 at *3 (S.D.N.Y. June 29, 2004); Time Warner Cable v. Evans, 00 Civ. 1385, 2001 WL 1241756 at *4 (S.D.N.Y. Oct. 9, 2001) ("When a court determines that a defendant's conduct has violated both § 605 and § 553 of the Communications Act, a plaintiff may recover damages only under one of those sections."); Cablevision Sys. N.Y.C. Corp. v. Cruz, 00 Civ. 5931, 2001 WL 1388155 at *3 (S.D.N.Y. July 23, 2001), report & rec. adopted, 2001 WL 951730 (S.D.N.Y. Aug. 21, 2001); Kingvision Pay-Per-View, Ltd. v. Jasper Grocery, 152 F. Supp. 2d 438, 441 (S.D.N.Y. 2001); Cablevision Sys. N.Y.C. Corp. v. Flores, 00 Civ. 5935, 2001 WL 761085 at *3 (S.D.N.Y. July 6, 2001); Time Warner Cable v. Barbosa, 98 Civ. 3522, 2001 WL 118608 at *5 (S.D.N.Y. Jan. 2, 2001), report & rec. adopted, 2001 WL 180366 (S.D.N.Y. Jan. 19, 2001); cases cited at page 3 & n.1 above. But see KingVision Pay-Per-View, Ltd. v. Las Cazuelas Mexican Rest., 99 Civ. 10041, 2000 WL 264004 at *3 (S.D.N.Y. Mar. 9, 2000) (awarding damages under both § 553 and § 605). Even if the Court could award damages under both § 605 and § 553, the Court would decline to do so here, since it would result in an award that is excessive under the circumstances.

decisions cited at page 3 & n.1 above. The Court sees no reason not to award that amount in this case. Indeed, J&J requested only $20,000 in damages. (E.g., Dkt. No. 11: J&J Notice of Motion for Default Judgment & attached Stmt. of Damages.) Moreover, the attendance at Frank Pool Room, 110 people (see above), is much higher than was involved in my prior decisions.

**Costs**

Plaintiff J&J has requested $470 in costs (filing fee and service costs). (See Dkt. No. 16: Hooten Aff. ¶ 3.) The amounts are reasonable and are approved.[3]

## CONCLUSION

For the reasons set forth above, plaintiff J&J should be awarded $20,000 in statutory damages and $470 in costs.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Holwell (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections

---

[3] The Court sees no reason to grant J&J's request for statutory pre-judgment interest. J&J did not seek attorneys' fees. (See Dkt. Nos. 11 & 16.)

for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:     New York, New York
            January 29, 2010

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:    Paul J. Hooten, Esq.
              Judge Richard J. Holwell